UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                  :

ANITA BOWEN,                           :

                        Plaintiff,      :

                                    :           24-CV-3322 (VEC)

             -against-               :

                                    :         OPINION & ORDER

FABIANI, COHEN & HALL, LLP, STEPHEN   :
M. COHEN, JOHN V. FABIANI, and THOMAS   :
J. HALL                                    :

                                    :

                                    :

                       Defendants.   :

                                    :

------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Plaintiff Anita Bowen, a former partner at the law firm Fabiani, Cohen & Hall LLP (the

"Firm"), sued the Firm and its three name partners for racial discrimination, retaliation, and

creating a hostile work environment pursuant to 42 U.S.C. § 1981 ("Section 1981"), unequal pay

on the basis of sex pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"),

and various state causes of action.  Defendants moved to dismiss.  *See* Mot. to Dismiss, Dkt. 20

(the "Motion").  Magistrate Judge Cave issued a Report & Recommendation ("R&R")

recommending that the Court dismiss Plaintiff's federal claims and decline to exercise

supplemental jurisdiction over the state law claims.  *See* R&R, Dkt. 39.  Plaintiff objected to the

R&R.  *See* Plaintiff's Objections to R&R, Dkt. 46 (the "Objections" or "Objs.").  The Court

OVERRULES Plaintiff's Objections and ADOPTS the R&R in full.  The Motion is GRANTED

with respect to the federal claims, and the Court DECLINES to exercise supplemental

jurisdiction over the state law claims.

**BACKGROUND**

Neither party objected to Magistrate Judge Cave's recitation of the factual background of the case, which draws both from the Amended Complaint, Dkt. 17 ("Am. Compl."), and the Proposed Second Amended Complaint, Dkt. 29-1. The Court directs the parties to the Background section of the R&R for a factual and procedural overview of the case. *See* R&R at 2–9.

**DISCUSSION**

I.      **Legal Standard**

A.      **Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney, & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (alteration in original) (citation omitted).

On a motion to dismiss, the Court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002) (cleaned up). Beyond that, however, the Court's review is generally "limited to the facts as asserted within the

four corners of the complaint." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

### B.   *Pro Se* Submissions

Although she was represented by counsel at the time she initiated this action and opposed the instant Motion, Ms. Bowen had opted to proceed *pro se* by the time she filed her Objections.[1] In general, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations and internal quotation marks omitted). "This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Plaintiff, however, is not a typical *pro se* litigant, inasmuch as she (1) was represented by counsel at the time she filed the Amended Complaint and filed her Opposition to the Motion, Dkt. 29, and (2) is an experienced attorney. *See Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 315 (S.D.N.Y.), *aff'd*, 626 F. App'x 20 (2d Cir. 2015) ("[B]ecause Plaintiff is a licensed attorney, the liberal-construction rule does not necessarily apply to his pleadings."). Accordingly, the Court declines to construe liberally her Objections.

### C.   Reviewing Objections to a Report and Recommendation

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

---

[1]     She has since retained counsel again, although her lawyer has not made any substantive filings in connection with this Motion. *See* Oct. 22, 2025, Not. of Appearance, Dkt. 56.

Defendants argue that the R&R was not properly objected to and, hence, should be reviewed only for clear error. In particular, Defendants assert that Plaintiff's Objections are improper because they (1) merely rehash arguments set forth in her Opposition and (2) are insufficiently specific. The Court will address each argument in turn.

With respect to the argument that clear error review is warranted because Plaintiff's Objections re-raise arguments originally set forth in her Opposition, the Court disagrees. Although it is true that many of Plaintiff's Objections appear to repeat arguments she made previously, the Second Circuit has "expressed skepticism concerning the application of clear-error review where the plaintiff's objections, in the lower court's view, sought 'to relitigate an issue that was fully argued in the original briefs to the magistrate judge.'" *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022)). The Court will review the Objections *de novo* regardless of whether they raise issues already argued in the initial briefing, to the extent they are otherwise proper.

The Court agrees, however, that clear error review is appropriate with respect to the portions of the R&R to which Plaintiff makes only general or conclusory Objections. In order for an objection to be "proper" within the meaning of Federal Rule of Civil Procedure 72(b)(3), it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citations and internal quotation marks omitted). The Court, therefore, will review the R&R for clear error to the extent Plaintiff's Objections are insufficiently specific to alert the Court to their legal and factual basis.

**II.    The Court Adopts Magistrate Judge Cave's R&R in Full**

**A.  Court Finds, on *De Novo* Review, that Plaintiff Fails to State a Claim Pursuant to the FLSA**

To state a claim pursuant to the FLSA, a plaintiff must plausibly allege the existence of an employee-employer relationship between the plaintiff and the defendant. *Godoy v. Restaurant Opportunity Center of N.Y., Inc*., 615 F. Supp. 2d 186, 192 (S.D.N.Y. 2009). In determining whether such a relationship exists, the key question is "whether, as a matter of economic reality, the worker[] depend[s] upon someone else's business for the opportunity to render service or [is] in business for [herself]." *Saleem v. Corp. Transportation Grp., Ltd*., 854 F.3d 131, 139 (2d Cir. 2017) (citations and internal quotation marks omitted). "The mere fact that a person has a particular title—such as partner, director, or vice president—should not necessarily be used to determine whether he or she is an employee or a proprietor." *Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 450 (2003). Rather, courts consider six factors: (1) "Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work"; (2) "Whether and, if so, to what extent the organization supervises the individual's work"; (3) "Whether the individual reports to someone higher in the organization"; (4) "Whether and, if so, to what extent the individual is able to influence the organization"; (5) "Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts"; and (6) "Whether the individual shares in the profits, losses, and liabilities of the organization." *Id.* at 449–50 (internal quotation marks omitted). No single *Clackamas* factor is "decisive," and courts must consider "all incidents of the relationship." *Id.* at 451.

In the R&R, Magistrate Judge Cave recommended that the FLSA claims be dismissed because the factual allegations in the Amended Complaint do not plausibly support the

conclusion that Plaintiff was an employee of the Firm rather than a true partner.  R&R at 12–14.  The Court agrees in light of the *Clackamas* factors, which the Court reviews *de novo* given Plaintiff's Objections.

The first *Clackamas* factor (whether the organization can hire or fire the individual or set the rules and regulations of the individual's work) clearly favors a finding that Plaintiff was an employee:  the Amended Complaint alleges that Defendants Cohen, Fabiani, and Hall could, and did, fire her.  Am. Compl. ¶¶ 25, 31, 37, 194, 202, 210.

The second *Clackamas* factor (whether and, if so, to what extent the organization supervises the individual's work) suggests Plaintiff was not an employee.  The Amended Complaint alleges, among other things: that the firm "lean[ed] heavily" on her legal skills, *id.* ¶ 48; that she was "responsible for maintaining relationships with clients," *id.* ¶ 106; that she "maintained a caseload upwards of 35 matters," *id.* ¶ 108; that she wrote "important briefs for [the firm's] most significant clients," *id.* ¶ 111; and that Defendant Cohen "even asked [her] to review *his* work," *id.* ¶ 112 (emphasis in original).  Simply put, Plaintiff alleges that she maintained significant autonomy over her work.

In her Objections, Plaintiff asserts that, although "Defendants did not supervise [her] on the day-to-day," that was only because she "was a good lawyer, and did not need day-to-day supervision"; accordingly, she argues, "the fact [that she] was not supervised on the day-to-day has no bearing on whether [she] had control."  Objs. at 10.  The Court, of course, agrees that no single *Clackamas* factor is dispositive.  *See* 538 U.S. at 451.  Nevertheless, the fact that the Amended Complaint describes Plaintiff's work environment as largely self-directed undoubtedly means that the second *Clackamas* factor tilts in favor of finding that she was not an employee.

The third *Clackamas* factor (whether the individual reports to someone higher in the organization) is neutral.  Although Plaintiff alleges in the Amended Complaint that she reported

6

to Cohen, *see* Objs. at 10; Am. Compl. ¶ 120, it is unclear what that reporting structure meant in practice. The Amended Complaint does not assert that Cohen actually managed any of Plaintiff's work; in fact, it alleges that Cohen has "asked [Plaintiff] to review *his* work." *Id.* ¶ 112 (emphasis in original). These allegations muddle Plaintiff's conclusory assertion that she reported to Cohen.

In her Objections, Plaintiff makes a series of statements, none of which is supported by a citation to anything in the record, in support of her assertion that she reported to Cohen. Some of Plaintiff's assertions appear to come from a new Affidavit, Dkt. 47, that she filed concurrently with her Objections. *See* Opp. at 10–11. Because the Court's review at the pleadings stage is generally "limited to the facts as asserted within the four corners of the complaint" and other judicially noticeable sources, the Court cannot consider new factual allegations set forth in the Objections or the Affidavit. *McCarthy*, 482 F.3d at 191. The third *Clackamas* factor remains neutral at best.

The fourth *Clackamas* factor (whether and, if so, to what extent the individual is able to influence the organization) is also neutral. Plaintiff argues in her Objections that she should be categorized as an employee because she "did not have the power to hire or fire anyone." Objs. at 8. The Amended Complaint makes two assertions about Plaintiff's inability to control hiring: that she did not "have the authority to bring on new attorneys or support staff to the Firm," Am. Compl. ¶ 123, and that she had "no say in decisions concerning new equity partners, including whether to promote them or the terms of their promotion," *id.* ¶ 125. Although these allegations suggest that Plaintiff was not the only, or most, influential person at the Firm, other allegations in the Amended Complaint make clear that she exercised influence in other ways, including by coordinating client relationships and leading some of the Firm's most important litigation matters. *See id.* ¶¶ 106, 108. Taken as a whole, the factual allegations in the Amended

7

Complaint tend to show that Plaintiff exercised influence over the Firm in some ways but not others, meaning that the fourth *Clackamas* factor is, at best, neutral.

Plaintiff also asserts in her Objections that the fact that she was terminated is evidence that she lacked control over the Firm. Objs. at 11. The Court cannot make sense of this assertion, which Plaintiff does not explain or support with any legal authority. As discussed, the fact that she was capable of being, and was, fired is relevant to the first *Clackamas* factor. It is not relevant to the fourth factor, which concerns whether she was able to influence the Firm while she worked there.

The fifth *Clackamas* factor (whether the parties intended for the individual to be an employee, as expressed in written agreements or contracts) suggests that Plaintiff was not an employee. The partnership agreement referenced in the Amended Complaint clearly evidences an intent to make Plaintiff an equity partner rather than an employee. *See* Am. Compl. ¶¶ ¶¶ 8, n.1, 45, 48, 49, 93, 94, 99, 105, 106, 108, 111, 112, 117. Plaintiff does not meaningfully dispute the notion that the fifth *Clackamas* factor tilts against her, other than to say that it "is not dispositive on the issue of control." Objs. at 11. Although the Court, once again, agrees that no single *Clackamas* factor is dispositive, there is no doubt that, given the terms of the partnership agreement, the fifth factor seriously undermines Plaintiff's argument that she was an employee.

The sixth *Clackamas* factor (whether Plaintiff shared in the profits, losses, and liabilities of the organization) also strongly suggests that Plaintiff was not an employee. Plaintiff herself alleges in the Amended Complaint that she was compensated with 7% of the firm's profits, pursuant to both the 2019 partnership agreement and its 2023 amendments. Am. Compl. ¶ 8 & n.1. Plaintiff does not dispute the sixth *Clackamas* factor, other than by asserting that "the fact [that she] allegedly received profits does not mean that [she] exercised control." Objs. at 11. As discussed, the Court agrees that this factor is not, on its own, dispositive.

8

In sum, the first *Clackamas* factor counsels in favor of finding that Plaintiff was an employee; the second, fifth, and sixth factors counsel against such a finding; and the third and fourth factors are neutral. Taken together and viewing the Amended Complaint in the light most favorable to the Plaintiff, the factors clearly tilt in favor of the conclusion that Plaintiff has not adequately alleged facts that would allow the Court plausibly to conclude that she was an employee of the Firm. More fundamentally, the allegations indicate that, "as a matter of economic reality," Plaintiff was "in business for [herself]." *Saleem*, 854 F.3d at 139. She took the lead on case management and client development, and shared in the firm's profits. She was, in every sense, an equity partner (albeit an unhappy one), and the Court sees no reason to deviate from the ordinary principle that equity law firm partners, given their "unique status as business owners and managers" of their firms, are not employees for FLSA purposes. *Hyland v. New Haven Radiology Assocs., P.C.*, 794 F.2d 793, 797 (2d Cir. 1986); *see also Dabney v. Hughes Hubbard & Reed LLP*, No. 1:23-MC-78 (MKV), 2023 WL 4399048, at *7 (S.D.N.Y. July 6, 2023) (collecting cases for the proposition that, although the *Clackamas* "inquiry is generally fact intensive and case specific, equity partners at law firms have received consistent treatment from other circuit courts which have considered whether such partners qualify as employees" and found that they do not).

**B.    The Court Finds No Clear Error in Magistrate Judge Cave's Recommendation that Plaintiff's Section 1981 Claims Be Dismissed**

Plaintiff also appears to dispute the R&R's recommendation that Plaintiff's claims for racial discrimination, retaliation, and hostile work environment pursuant to Section 1981 be dismissed, but it is difficult to determine the basis for Plaintiff's Objections. Although she devotes considerable space in her Objections to explaining why her Section 1981 claims should not be barred by the statute of limitations, *see* Objs. at 12–16, the R&R recommended that the

9

claims be dismissed for failure to state a claim, not because they are untimely, *see* R&R at 16–24. The Objections' discussion of the merits of Plaintiff's claim is no more decipherable; it consists primarily of explaining the legal standards for the discrimination, hostile work environment, and retaliation claims and stating, in a conclusory fashion, that she has satisfied those standards. *Id.* at 16–20. The sole portion of the Objections that references specific allegations is a two-sentence paragraph discussing the retaliation claim, *see* Objs. at 20, but that paragraph relies exclusively on assertions contained in the Affidavit — which, as explained in Section II.A of this opinion, the Court cannot consider at this stage of the litigation.

In short, Plaintiff does not argue that the R&R relied upon incorrect legal standards, nor does she explain why she disagrees with the R&R's application of the law to the allegations in the Amended Complaint. Accordingly, there are no proper, non-conclusory objections to the recommendation that the Section 1981 claims be dismissed. *See Nambiar*, 158 F.4th at 359 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). The Court, therefore, reviews the R&R's analysis of these claims for clear error.

Careful review of the R&R's analysis of the Section 1981 claims reveals no clear error in its reasoning. The Court agrees with Magistrate Judge Cave that the Amended Complaint does not contain factual allegations from which the Court can infer plausibly that Plaintiff was denied promotions, underpaid, or terminated due to her race. *See* R&R at 17–19. With respect to the retaliation claim, the Court agrees that the Amended Complaint fails to allege facts from which the Court can infer plausibly either that Defendants knew that Plaintiff had filed a charge with the Equal Employment Opportunity Commission ("EEOC") at the time they reassigned her cases (one of the allegedly retaliatory acts) or that her filing the EEOC charge was the but-for cause of that action. *Id.* at 19–22. The Court also agrees that the Amended Complaint does not

adequately allege facts from which the Court can plausibly infer that Defendants knew they had been sued when they terminated Plaintiff (the other allegedly retaliatory act). *Id.* Finally, with respect to the hostile work environment claim, the Court agrees that, although the comments that Plaintiff attributes to Defendants are clearly offensive and inappropriate, the Amended Complaint does not allege facts sufficient to show that the comments were so severe or pervasive as to create a hostile work environment within the meaning of Section 1981. *Id.* at 22–24.

### C. The Court Finds No Clear Error in Magistrate Judge Cave's Recommendation that It Decline to Exercise Supplemental Jurisdiction

Plaintiff does not object to the R&R's recommendation that the Court decline to exercise supplemental jurisdiction over the remaining state law claims if it dismisses the federal claims. The Court finds no clear error in that recommendation, which comports with typical practice in federal courts. *See KeyCite Red FlagCarnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Cave's R&R in full and GRANTS Defendants' Motion to Dismiss. Plaintiff's federal claims are DISMISSED, and the Court DECLINES to exercise supplemental jurisdiction over the remaining claims. The Clerk of the Court is respectfully directed to TERMINATE all open motions and to CLOSE the case.

**SO ORDERED.**

Date:  February 19, 2026
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

11