# GRSM50
## GORDON REES SCULLY MANSUKHANI
### YOUR 50 STATE LAW FIRM™

**HEATHER E. GRIFFIN**
hgriffin@grsm.com

**HAILEY L. LOEHR**
hloehr@grsm.com

**MEMO ENDORSED**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
www.grsm.com

April 3, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2026_____

**VIA ECF**
Hon. Valarie Caproni
United States District Court
Southern District New York
500 Pearl Street, Room 1010
New York, NY 10007

> Re:    **Anita Bowen v. Fabiani, Cohen & Hall, LLP, et al**
>         **Case No. 24-cv-03322**

Dear Judge Caproni,

We represent Defendants Fabiani, Cohen & Hall, LLP ("FCH" or the "Firm"), Stephen M. Cohen ("Cohen"), John V. Fabiani ("Fabiani"), and Thomas J. Hall ("Hall") (collectively "Defendants") in connection with the above referenced matter. Pursuant to Your Honor's Individual Rules and Practices in Civil Cases section 2(A), and to the extent required, section 4(a), and Local Civil Rule 6.3, to address Plaintiff's recently filed untimely motion for reconsideration [ECF 65]. Defendants also write to address an unusual situation regarding Plaintiff's representation, as it is now unclear whether she is represented or proceeding *pro se*. In any event, and as the Court is aware, Plaintiff herself is a well experienced attorney and is not entitled to any *pro se* deference.

Specifically, Defendants request that the Court refuse consideration of Plaintiff's motion for reconsideration and/or strike the motion as untimely. In the alternative, and to the extent the Court is inclined to permit the untimely filing and entertain substantive argument, Defendants request an additional fourteen (14) days from any order addressing this request to submit a substantive response. The undersigned counsel submits this request in an attempt to reduce the burden on the Court of reviewing substantive arguments, to the extent that Plaintiff's filing is properly disregarded as untimely.

On February 19, 2026, this Court issued an Order [ECF 63] ("Final Order") adopting Magistrate Cave's Report and Recommendation Granting Defendants' Motion to Dismiss Plaintiff's Complaint, in its entirety. Pursuant to Local Civil Rule 6.3 Motions for Reconsideration, Plaintiff was required to file any such motion within fourteen (14) days of this Court's Final Order; to wit, on or before March 5, 2026. Instead, Plaintiff filed her Motion for Reconsideration over

April 3, 2026
Page 2

two weeks later, on March 20, 2026 [ECF 65].[1] Plaintiff's motion is patently untimely under the local rules and should be disregarded by the Court. Plaintiff is not without relief, as on that same day, March 20, 2026, she also filed a Notice of Appeal of the Final Order [ECF 67]. As a result of Plaintiff's failure to timely seek the relief she is requesting as governed by Local Civil Rule 6.3, the Court should disregard, and/or strike the Motion for Reconsideration. To the extent that Defendants' request implicates Your Honor's Individual Rules and Practices in Civil Cases section 4(a), Defendants hereby request a teleconference with the Court and all parties to address same.

Plaintiff's new filing also raises questions as to whether she is proceeding *pro se* and calls into question the Notice of Appearance [ECF 56] filed by Gerome Pinkins, Esq. As the Court may recall, Attorney Pinkins appeared in this matter and the parties, through their counsel and including Attorney Pinkins on behalf of Plaintiff, filed a joint report [ECF 61]. There has been no withdrawal by Attorney Pinkins; rather, Plaintiff (who herself is also a lawyer) has now filed the Motion for Consideration and Notice of Appeal and represented that she is acting *pro se*.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ *Heather E. Griffin*
Heather E. Griffin, Esq.
Hailey L. Loehr, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
hgriffin@grsm.com
hloehr@grsm.com
*Attorneys for Defendants*

CC: All counsel of record (Via ECF)

---

[1] Although Plaintiff appears to plead around the untimely nature of her Motion for Reconsideration by citing to FRCP 59(e) and 60(b)(6), neither provides relief and the Motion is subject to Local Civil Rule 6.3. FRCP 59(e) pertains to motions to alter or amend a judgement following trial; not reconsideration of an order dismissing claims under FRCP 12(b)(6). Similarly, FRCP 60(b)(6) is a catchall provision for relief from a final order for "any other reason that justifies relief." While FRCP 60(b)(6) does permit a party to seek relief "within a reasonable time," such provision is subject to this Court's local rules demanding such motion be filed within 14 days. Further, to permit Plaintiff's attempt to misuse this catchall provision as a substitute for this Court's rules regarding the motion she has filed - a "Motion for Reconsideration" - would make Local Civil Rule 6.3 null and void.

Plaintiff's Motion for Reconsideration, Dkt. 65 (the "Motion" or "Mot."), is DENIED as untimely. Pursuant to Local Civil Rule 6.3, a notice of motion for reconsideration must be served within 14 days after entry of the order being challenged.  Plaintiff's Motion was served 29 days after the Court's February 19, 2026, Opinion & Order granting Defendants' motion to dismiss, Dkt. 63; accordingly, it was not timely served.  The Court notes that Plaintiff is not entitled to the deference typically afforded to *pro se* litigants because, as the Court explained in the February 19, 2026, Opinion & Order, she is an experienced attorney.  *See* Feb. 19, 2026, Op. & Order at 3; *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 315 (S.D.N.Y.), *aff'd*, 626 F. App'x 20 (2d Cir. 2015) ("[B]ecause Plaintiff is a licensed attorney, the liberal-construction rule does not necessarily apply to his pleadings.").

Even if the Court were to overlook the fact that Plaintiff's Motion is untimely, it would nevertheless deny the Motion because the arguments it raises do not provide grounds for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b)(6).  With respect to the Rule 59 argument, "the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (cleaned up). The premise of Plaintiff's Motion is not that the Court failed to consider any legal or factual issues that were presented to it, but rather that Plaintiff's prior attorneys "committed malpractice" by failing to raise relevant facts with the Court.  Mot. at 1.  Such an argument cannot form the basis for Rule 59(e) relief. The Rule 60(b)(6) argument fails for similar reasons.  Rule 60(b)(6) relief is not available where the reason why relief is purported to be appropriate "involve[s] 'neglect or lack of due diligence' on the part of the moving party." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988)).  Inasmuch as Plaintiff's Motion is premised entirely on the notion that her prior attorneys "did not perform due diligence in opposing Defendants' Motion to Dismiss," Rule 60(b)(6) relief is not available.  Mot. at 1.

The Clerk of Court is respectfully directed to terminate the open motion at Dkts. 65 and 68.


SO ORDERED.

4/8/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE